**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                              |   |                          |
|------------------------------|---|--------------------------|
| JAVED IQBAL,                 | : |                          |
|                              | : | Civil No. 12-2156 (RMB) |
| Petitioner,                  | : |                          |
|                              | : | **OPINION**              |
| v.                           | : |                          |
|                              | : |                          |
| UNITED STATES OF AMERICA,    | : |                          |
|                              | : |                          |
| Respondent.                  | : |                          |

**APPEARANCES:**

**JAVED IQBAL**, Petitioner pro se
#02876-082
F.C.I. Fairton
P.O. Box 420
Fairton, N.J. 08320

**IRENE E. DOWDY**, Counsel for Respondent
Office of the U.S. Attorney
401 Market Street
Fourth Floor
P.O. Box 2098
Camden, N.J. 08101

**BUMB**, District Judge:

Javed Iqbal ("Petitioner"), an inmate incarcerated at the Federal Correctional Institution in Fairton, New Jersey, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging the duration of his confinement on a federal sentence. Petitioner challenges the failure of the Bureau of Prisons ("BOP") to grant him prior custody credit under 18 U.S.C. § 3585(b) for the 974 days he was under home confinement and subject to electronic

monitoring. For the reasons stated below, the petition will be denied.

## I. BACKGROUND

On August 23, 2006, Petitioner was arrested by the Federal Bureau of Investigation. (Resp't's Br., Solis Decl. ¶ 2.) On August 28, 2006, Petitioner was released on $250,000 bond to home confinement with supervision via electronic monitoring. (*Id.* at ¶ 4.) On January 5, 2009, the United States District Court for the Southern District of New York ordered that Petitioner be remanded to custody, based on Petitioner's guilty plea on December 23, 2008. (*Id.* at ¶ 5.) On April 23, 2009, Petitioner was sentenced to a 69-month term of imprisonment, with three years of supervised release to follow, on his conviction for Providing Material Support and Resources to Hezbollah, a Designated Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B. (Resp't's Br. 7.)

On May 19, 2009, the BOP's Designation and Sentence Computation Center ("DSCC") prepared an initial computation of Petitioner's sentence. (*Id.* at 9.) The BOP computed the commencement date of the sentence as April 23, 2009, the date that the sentence was imposed. (*Id.*) At that time, the BOP computed the sentence with pre-sentence custody credit for the period from August 23, 2006 (the date of Petitioner's arrest) through April 22, 2009 (the day before sentence was imposed), for a total of 974 days credit. (Resp't's Br., Solis Decl. ¶ 7.) On September 8, 2010, the BOP conducted a

"release audit review" of Petitioner's sentence computation. (Resp't's Br. 9.) The audit review revealed that the initial sentence computation was incorrect because it awarded pre-sentence custody credit for the period that Petitioner had been released on bond to home confinement (from August 29, 2006 through January 4, 2009). (Resp't's Br., Solis Decl. ¶ 8.) On September 8, 2010, the BOP's DSCC staff updated the computation of Petitioner's sentence to reflect the new computation of pre-sentence custody credit for the periods from August 23, 2006 (the date of his arrest) through August 28, 2006 (the date before he was released on bond), and from January 5, 2009 (the date that he was remanded to custody) through April 22, 2009 (the date before his sentence was imposed), for a total of 114 days credit. (*Id.* at ¶ 9.)

On April 11, 2012, Petitioner submitted his initial petition to this Court. (ECF No. 1.) In his initial submission to this Court, Petitioner failed to submit a petition that complied with Rule 2 of the Habeas Rules, including a failure to name the warden as a respondent. The Court entered an order which required Petitioner to submit an amended petition that complied and named the warden of F.C.I. Fairton as Respondent. (ECF No. 2.) Thereafter, Petitioner submitted an amended petition, however, said amended petition did not name the warden of F.C.I. Fairton as Respondent, but again only named the United States of America. (ECF No. 3.) The Court entered

another order requiring Petitioner to submit an amended petition (ECF No. 4), which Petitioner did on June 20, 2012 (ECF No. 5).

In his Amended Petition, Petitioner challenges the BOP's decision "pursuant to 18 U.S.C. § 3585(b), to redact jail time credit that it had initially granted after the Petitioner was given credit against his initial sentence by the district court in the above-referenced action." (Am. Pet. 1.) In the Answer, Respondent argues that Petitioner has failed to exhaust his administrative remedies and his claim is without merit based on the Supreme Court's decision in *Reno v. Koray*, 515 U.S. 50, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995).

**II. DISCUSSION**

**A. Legal Standard**

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and must set forth "facts supporting each of the grounds thus specified." *See* Rule 2(c) of the Rules Governing § 2254 Cases in the U.S. District Courts (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973), including challenges to

prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, *Muhammad v. Close*, 540 U.S. 749 (2004) and *Edwards v. Balisok*, 520 U.S. 641 (1997). *See also Wilkinson v. Dotson*, 125 S.Ct. 1242 (2005). Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. *See Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001); *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990). In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. *See, e.g., Graham v. Broglin*, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.

This Court has subject matter jurisdiction under § 2241 to consider the claim challenging the BOP's decision because Petitioner challenges the BOP's calculation of his release date on federal grounds and he was incarcerated in New Jersey at the time he filed the Petition. *See Blood v. Bledsoe*, 2011 WL 2689050 (3d Cir. July 12, 2011); *Vega v. United States*, 493 F.3d 310, 313 (3d Cir. 2007); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).

**B. Analysis**

**1. Exhaustion of Administrative Remedies**

Respondent asks this Court to dismiss the Petition for failure to exhaust administrative remedies.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. *See, e.g., Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981); *Soyka v. Alldredge*, 481 F.2d 303, 306 (3d Cir. 1973). Where exhaustion is required, a prisoner's procedural default in pursuing administrative remedies bars judicial review of a subsequent habeas corpus petition, absent the prisoner's demonstration of cause and prejudice for the default. *Moscato*, 98 F.3d at 760-62(citing *Davis v. United States*, 411 U.S. 233 (1973)).

In general, the BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with

the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response. *Id.* Appeal to the General Counsel is the final administrative appeal. *Id.*

Respondent alleges that Petitioner has not properly exhausted his claim regarding prior custody credit. According to Respondent, on March 10, 2011, Petitioner filed a Request for Administrative Remedy at F.C.I. Fairton wherein he requested that the jail credit applied to his sentence be corrected, i.e., to have 974 days of jail credit awarded to his sentence. (Resp't's Br. 12.) On March 18, 2011, that request was denied by the Warden at the institutional level. (Resp't's Br., Howard Decl. ¶ 6.) On April 11, 2012, Petitioner filed a Regional Appeal with the BOP's Northeast Regional Office, which was rejected as untimely. (*Id.* at ¶ 7.) Petitioner re-submitted his appeal to the Regional Office several times thereafter and each appeal was rejected as untimely. (*Id.*) The BOP's computerized indexes do not show that Petitioner timely and properly appealed the Warden's March 18th response to the Northeast Regional Office, or that he ever filed an appeal of any of the Regional Office's rejections to the BOP's Central Office. (*Id.* at ¶ 13.)

In response, Petitioner argues exhaustion of his administrative

remedies would be futile and he would be subject to "irreparable injury" if he was required to exhaust his claim. (Pet'r's Reply 2.) Petitioner does not elaborate further as to why an attempt to exhaust would be futile. Even if this Court were to assume, arguendo, that exhaustion would be futile, the petition would still be denied on the merits, as discussed below.

**2. Prior Custody Credit**

18 U.S.C. § 3585 provides, in relevant part:

(a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585.

The claim for prior custody credit is governed by *Reno v. Koray*, 515 U.S. 50 (1995). In that case, prior to the commencement of Koray's federal sentence, a United States Magistrate Judge released

8

him on bail pursuant to the Bail Reform Act, see 18 U.S.C. § 3142(c). "The order required that he be 'confined to [the] premises' of a Volunteers of America community treatment center without 'authoriz[ation] to leave for any reason unless accompanied' by a Government special agent." Koray, 515 U.S. at 53. Koray filed a habeas petition challenging the BOP's denial of his request for credit toward his federal sentence for the 150 days he spent confined to the treatment center.

The Supreme Court held that a federal prisoner is not "entitled to credit against his sentence under § 3585(b) for time when he was 'released' on bail pursuant to the Bail Reform Act of 1984." Id. at 54. The Court reasoned that, "under the language of the Bail Reform Act of 1984, a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions . . . is 'released.'" Id. at 57.

This Court holds that, under Koray, the time Petitioner spent released on bond to home confinement with electronic monitoring pursuant to the Bail Reform Act was not time spent in "official detention" within the meaning of § 3585(b). It follows that the BOP did not abuse its discretion in refusing to credit this time against Petitioner's federal sentence. See United States v. Garcia, 362 F. App'x 293, 296 n.3 (3d Cir. 2010) (noting that a federal prisoner

is not entitled to prior custody credit pursuant to § 3585(b) for the time he spent on home confinement while released under the Bail Reform Act).[1]

## III. CONCLUSION

For the above-stated reasons, the Petition will be denied. An appropriate order follows.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
UNITED STATES DISTRICT JUDGE

Dated: July 11, 2013

---

[1] Petitioner alleges that the sentencing court specifically ordered that he should receive pre-sentence credit for the time spent under electronic monitoring. (Am. Pet. 2.) He submits a portion of the transcript from his sentencing hearing as support for this claim. (Reply 6.) However, the sentencing judge simply stated that "... defendant Javed Iqbal be committed to the Custody of the Bureau of Prisons to be imprisoned for a term of 69 months, of course, with credit for time he has already served." The judge made no finding as to whether the time spent in home confinement would be credited towards his sentence.